ROBERT BENTLEY ET AL.
vs.      SEPTEMBER TERM, 1849.
BENJAMIN SHREVE, JR. ET AL.

[TRUSTEE'S COMMISSIONS AND DUTIES.]

THE court will allow a reasonable commission to the estate of a deceased trustee, who died before completing his trust. In a case like the present, five *per centum* declared to be a reasonable commission.

Reasonable commissions will be allowed to a trustee created by a deed, though the deed is silent upon the subject of compensation.

The court subjects trustees to a rigorous measure of justice, where their conduct has been at variance with their duty.

Where a trustee does not show what amount of interest he has actually received, he will be charged with the whole amount accruing upon the trust money, to be computed from a reasonable time after the commencement of the trust.

In July, 1843, a trustee received the note of A., in payment, for a purchase of trust property. The note was without security, and became due in September, 1843. The trustee died in the summer of 1846, without having sued upon the note, and a new trustee was appointed, who received the note from the administrators of the old trustee, in January, 1847. In March, 1848, the new trustee instituted proceedings upon the note, and in the fall of 1848, A. was found to be insolvent. HELD—that in the absence of proof to the contrary, the court will presume that the loss was occasioned by the negligence of the first trustee, and his administrators will be charged with its amount.

The court will allow a new trustee a reasonable sum for fees to his solicitor, due for services in a proceeding against the administrators of the old trustee, rendered necessary by the omission of their intestate ; but such fee will not be deducted from the commissions allowed to the old trustee.

[On the 5th of March, 1844, the complainants filed their bill. It alleges, that the said Benjamin is largely indebted to the complainants, on account of the principal and interest of their claims against him, which they exhibit with their bill. That, at the time the said debts became due, the said Benjamin was possessed of large personal and real estate, and that the title to the same remained in the said Benjamin, until about the month of April, 1842, when he executed a conveyance of the said property to a certain David Trundle, of Montgomery county, in trust, as it was pretended, to pay the debts of the said Benjamin, as therein set forth ; but really, as the complainants charge, to cheat and defraud his just creditors. That the said Benjamin afterwards took the benefit of the insolvent laws, and, that there is no other way in which the complainants can obtain payment of their debts, than out of the property so conveyed to the said Trundle. The bill further charges, that the said Trundle has, ever since the execution of the said deed, been in possession of the property so conveyed to him, and that he has paid no part of the complainants' claims, and it prays, that the deed may be annulled and vacated, and the property sold for the payment of the debts of the said Benjamin.

The deed of trust, (a copy of which was filed with the bill,) makes no mention of the compensation to be allowed to the trustee.

Trundle filed his answer to the bill, on the 28th of March, 1845. Mr. Kilgour was appointed trustee, to complete the trust. Mr. K. declined to act, and on the 4th of October, 1845, Trundle was re-appointed trustee upon the application of the complainants.

On the 13th of November, 1846, the complainants filed a petition, alleging, that the said Trundle had recently died, and and that Drusilla Trundle and others had taken out letters of

administration upon his estate.  Upon this petition, an order was passed on the 14th, directing that the case should be proceeded in as if the death of the said Trundle had not occurred, appointing Alexander Kilgour, as trustee in the stead of the said Trundle, and directing the administrators to surrender to the new trustee, all the bonds, &c., in their possession, which had been received by the said David as trustee—unless cause should be shown before a day limited.

On the 8th of January, 1847, a further order was passed, confirming the order of the 14th of October, 1846, and authorising the trustee, Kilgour, to proceed to execute the trust upon filing his bond.

The trustee, Kilgour, filed his bond, and proceeded to make the sales and reported the same to the court.

On the 5th of October, 1849, the Auditor filed his report, and stated two accounts, A. and B., between the administrators of David Trundle, and the trustee, Kilgour.

On the same day, the trustee, Kilgour, filed a petition, alleging, that he had been obliged to institute proceedings, to ascertain the true nature of the actions of the former trustee, Trundle, in relation to the trust estate, and had been obliged to employ a solicitor to assist him in effecting this object; that the necessity for such a course, had mainly arisen from the neglect of the former trustee properly to discharge his duty, and he prayed, that a reasonable amount might be deducted from the commissions allowed in the Auditor's accounts to the said Trundle, for his services as trustee, and paid to the solicitor of the petitioner for his fee.

The administrators of David Trundle, excepted to the Auditor's report, and the account marked A., for the following reasons :

1st. Because the account A. only allows the said David Trundle commissions at 2½ per cent., whereas, he should have been allowed commissions of 5 per cent., as stated in account B.

2nd. Because in account A., the said David is charged with interest, amounting to $465; whereas account B. is correct, which charges no interest to the said David.

20

3d. Because the account A. does not credit the administrators with the amount of the note of J. H. Winemiller, which was transferred by them to the trustee, Kilgour.

And the acceptants insisted, that the solicitor's fee asked for by the new trustee ought not to be deducted from the amount of commissions allowed to the exceptants.]

THE CHANCELLOR:

The exceptions to the report of the Auditor, and the written arguments of the solicitors of the parties have been read, and duly considered.

I am of opinion, that the first exception of the administrators of David Trundle, deceased, is well taken. Looking to the deed of trust of March, 1842, and the nature and extent of the services thereby imposed upon the trustee, Trundle, it appears to me, that a commission of 5 per cent., would be no more than a reasonable compensation to him. In the case of *Ringgold* vs. *Ringgold*, 1 *H. & G.*, 11, commissions were allowed to trustees, though the deed under which they acted contained no provision for that purpose ; and they were subjected to a·severe and rigorous measure of justice, with reference to charges of interest, and in other particulars, upon the ground that their conduct in the execution of their trust had in numerous respects been at variance with their duty.

The Court of Appeals allowed the commissions in that case, by analogy to the statute giving commissions to executors, administrators, guardians and trustees, under judicial sales, and as 5 *per centum* is the *minimum* commission allowed to executors, and administrators, it would seem proper in this case, not to fall below that standard.

But though I think the deceased trustee is entitled to a commission of 5 *per centum*, I do not see how, under the circumstances of this case, he can be excused from the payment of interest. There is nothing in the case to show how much interest was actually received by him, though it can scarcely be doubted, that considerable sums were thus received. The trustee, when he filed his answer to the bill on the 11th of July, 1844, or at some future stage of the cause, might have shown

how much he received for interest, and could have brought the fund into court. The charge for interest does not commence until July, 1844, being more than two years from the commencement of the trust, and, as I think, it is impossible to doubt that sums were received for interest, and as the trustee and his representatives have not discovered what those sums are, it seems unreasonable to except them altogether from the charge. The Auditor's report in this respect is approved of.

I am also of opinion, that the estate of David Trundle is justly chargeable with the note of John W. Winemiller. That note, which was taken without surety, bears date in July, 1843, and was payable in September of the same year; and no attempt was made to recover it, until after January, 1847, when it was assigned to the new trustee. It is said that the new trustee retained the note until the 6th day of March, 1848, before he instituted proceedings upon it, and, that the insolvency of the maker (which is admitted) in the fall of 1848, may have occurred between the assignment to the new trustee in 1847, and the fall of 1848.

This may possibly be so ; but it is thought to be much more probable, that it occurred between the date of the note, in 1843, and the assignment to the new trustee, in 1847, the interval between the latter period being much longer. And, when in addition to this, it is considered, that the note was originally taken without a surety, it seems to me more equitable to throw the loss upon the former trustee, who took it. If the fact is, as the solicitor of Trundle's administrators supposes, that the note was good, when it passed into the hands of the new trustee, and that the maker became insolvent afterwards, it was the duty of the administrators of the former trustee to show it by proof. This they have not done, and I am of opinion, the loss should be borne by the estate of the intestate.

With regard to the application to allow the present trustee a solicitor's fee, and to deduct such fee from the commissions of the former trustee, I am of opinion, that as the commission given to the latter is but the equivalent for his services, it would be unreasonable to reduce it by such a deduction.

The new trustee will be allowed a reasonable sum for counsel fees, which may be fixed now, or may await the settlement of his accounts.

NICHOLAS HAMMOND for Exceptants.

CORNELIUS MCLEAN for Trustee and Complainants.